IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| ROBERT E. BANKS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 03-2980 Ml/P |
| UNITED PARCEL SERVICE, INC., and SUZANNE REDMOND, | ) ) ) |
| Defendants. | ) ) |

## ORDER ADOPTING REPORT AND RECOMMENDATION AS AMENDED

Before the Court is Defendant Suzanne Redmond's Motion for Rule 11 Sanctions, filed February 23, 2005. Plaintiff responded in opposition on March 10, 2005. This motion was referred to the United States Magistrate Judge for report and recommendation. The magistrate judge submitted his report and recommendation on March 16, 2005, recommending that Defendant's motion be denied without prejudice. Defendant filed objections to the report and recommendation on March 25, 2005. Plaintiff neither filed objections nor responded to Defendant's objections.

Upon *de novo* review of Defendant's submissions and the magistrate judge's report, the Court ADOPTS the magistrate judge's report and recommendation as amended.

Regarding Defendant's motion for sanctions, the Court agrees with the conclusion in the report and recommendation that Defendant's motion for sanctions should be denied without

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on 7-12-05

prejudice, pending the resolution of Defendant's motion for summary judgment. The Court, however, AMENDS the report and recommendation to reflect that Defendant did in fact comply with the safe harbor provision of Federal Rule of Civil Procedure 11(c)(1)(A). Prior to filing a motion for sanctions with the court, the moving party must first comply with the twenty-one day safe harbor provision contained in Rule 11(c)(1)(A).[1] In the instant case, Defendant stated in the certificate of service attached to the Motion for Sanctions, that a copy of the motion was mailed to Plaintiff's counsel on December 30, 2004[2] - more than twenty-one days before the motion was filed with the Court on February 23, 2005.

---

[1] Rule 11(c)(1)(A) specifically provides that:

> A motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision (b). It shall be served as provided in Rule 5, but shall not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected. If warranted, the court may award to the party prevailing on the motion the reasonable expenses and attorney's fees incurred in presenting or opposing the motion. Absent exceptional circumstances, a law firm shall be held jointly responsible for violations committed by its partners, associates, and employees.

Fed. R. Civ. P. 11(c)(1)(A).

[2] On January 6, 2005, the Court issued an order granting the motion to withdraw filed by Plaintiff's counsel.

2

For the foregoing reasons, the Court ADOPTS the March 16, 2005, report and recommendation of the magistrate judge as amended.

IT IS SO ORDERED this 8 day of July, 2005.

> JON P. McCALLA
> UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 54 in case 2:03-CV-02980 was distributed by fax, mail, or direct printing on July 12, 2005 to the parties listed.

---

Brian A. Lapps
WALLER LANSDEN DORTCH & DAVIS
511 Union St.
Ste. 2700
Nashville, TN 37219--896

Stanley E. Graham
WALLER LANSDEN DORTCH & DAVIS
511 Union St.
Ste. 2700
Nashville, TN 37219--896

C. Timothy Crocker
CROCKER LAW FIRM
1026 College St.
Ste. 202 Bancorp South Bldg.
Milan, TN 38358

Honorable Jon McCalla
US DISTRICT COURT