IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

ROBERT E. BANKS,

    Plaintiff,

vs.                         No. 03-2980-Ml/P

UNITED PARCEL SERVICES, INC.,
et al.,

    Defendants.

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION
AND
ORDER DENYING DEFENDANT REDMOND'S MOTION FOR SUMMARY JUDGMENT

        Plaintiff Robert E. Banks, through counsel, filed a complaint on December 29, 2003 against United Parcel Services, Inc. ("UPS") and Suzanne Redmond. The complaint asserted claims pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., 42 U.S.C. § 1981, and state law. Defendant Redmond answered the complaint on January 3, 2005.[1] On February 28, 2005, defendant Redmond filed a motion for summary judgment, supported by a statement of undisputed facts and a memorandum of law.[2] Plaintiff

---

[1] For reasons that are not clear, the docket sheet indicates that summonses were not issued upon filing of the complaint. Plaintiff also did not file proof of service, as required by Fed. R. Civ. P. 4(l).

[2] Defendant Redmond's motion was also filed with a motion to extend the deadline for filing dispositive motions or, in the alternative, to accept this late-filed summary judgment motion. That motion explained that the summary judgment motion had been mailed to the clerk prior to the February 24, 2005 dispositive-motion deadline but had been returned without filing on the ground that insufficient copies of the motion had been submitted. Defendant Redmond
(continued...)

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on 10-3-05



filed a response in opposition to the summary judgment motion on March 10, 2005, accompanied by his own factual affidavit and the affidavits of Lisa Jefferson, Courtney Wade, and Harvey Jones.

Summary judgment is appropriate "if . . . there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). As the Supreme Court explained:

> In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of [his] case with respect to which [he] has the burden of proof.

Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986) (citation omitted).

Under Fed. R. Civ. P. 56(e), "[w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by

---

[2] (...continued) further contends that the motion was erroneously rejected, as evidenced by a cover letter transmitting the appropriate number of copies. The Court issued an order granting the motion on March 7, 2005. On March 9, 2005, plaintiff filed a document entitled "Plaintiff's Memorandum in Opposition to Defendant's Motion to Extend Deadline," which appears to be a motion for reconsideration on the ground that the defendant had failed to file a certificate of consultation, as required by Local Rule 7.2(a)(1)(B). Nothing in the plaintiff's submission provides good cause for reconsidering the March 7, 2005 order. Accordingly, the Court DENIES the plaintiff's motion.

2

affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." In considering a motion for summary judgment, "the evidence as well as the inferences drawn therefrom must be read in the light most favorable to the party opposing the motion." Kochins v. Linden-Alimak, Inc., 799 F.2d 1128, 1133 (6th Cir. 1986); see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986) (same).[3]

A genuine issue of material fact exists "if the evidence [presented by the non-moving party] is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); see also id. at 252 ("The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff. The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict[.]"); Matsushita, 475 U.S. at 586 ("When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some

---

[3] Rule 56(e) sets forth in detail the evidentiary requirements applicable to a summary judgment motion:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify as to all the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits.

3

metaphysical doubt as to the material facts.") (footnote omitted). The Court's function is not to weigh the evidence, judge credibility, or in any way determine the truth of the matter, however. <u>Liberty Lobby</u>, 477 U.S. at 249. Rather, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." <u>Id.</u> at 251-52.

Moreover, Fed. R. Civ. P. 56(f) provides as follows:

> Should it appear from the affidavits of a party opposing the motion [for summary judgment] that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

"Beyond the procedural requirement of filing an affidavit, Rule 56(f) has been interpreted as requiring that a party making such a filing indicate to the district court its need for discovery, what material facts it hopes to uncover, and why it has not previously discovered the information." <u>Cacevic v. City of Hazel Park</u>, 226 F.3d 483, 488 (6th Cir. 2000); <u>see also</u> <u>Good v. Ohio Edison Co.</u>, 149 F.3d 413, 422 (6th Cir. 1998); <u>Plott v. General Motors Corp.</u>, 71 F.3d 1190, 1196-97 (6th Cir. 1995). Moreover, the Sixth Circuit has held that, unless the nonmoving party files a Rule 56(f) affidavit, a district court cannot decline to consider the merits of a summary judgment motion on the ground that it is premature. <u>Wallin v. Norman</u>, 317 F.3d 558, 564 (6th Cir. 2003).

In this case, the plaintiff, an employee of UPS, contends that he was physically assaulted in the workplace by defendant

4

Redmond. For purposes of this motion, the following facts are undisputed:

1. At the time of the alleged assault, UPS employed Plaintiff as a mechanic and defendant as a driver. (Compl., ¶¶ 8, 14.)

2. Plaintiff alleges that Defendant became "angry, upset and volatile and approached Plaintiff and began yelling at him" about his maintenance performance on the truck assigned to Defendant by UPS. (Compl., ¶ 19.)

3. Plaintiff alleges that the incident giving rise to his complaint began when Defendant entered the work area and informed Plaintiff that the truck she was operating was leaking water. (Compl., ¶ 17.)

4. Plaintiff alleges that he told Defendant he could not perform the requested repairs at that time. (Compl., ¶ 18.)

5. Plaintiff alleges that Defendant became angry and accused Plaintiff of being a "shitty mechanic," and otherwise complained about the quality of Defendant's workmanship. (Compl., ¶ 18.)

6. Plaintiff states that Defendant screamed at Plaintiff that Defendant thought Plaintiff would sabotage the brakes on the truck operated by Defendant. (Compl., ¶ 21.)

7. Plaintiff claims that Defendant followed him and that Defendant continued her "verbal harassment" of Plaintiff about the relative quality of Plaintiff's mechanical ability. (Compl., ¶ 24.)

8. Plaintiff alleges that Defendant "rammed or butted" Plaintiff while Plaintiff was in the process of calling a supervisor. (Compl., ¶¶ 24-25.)[4]

Defendant Redmond first asserts that plaintiff's tort claim is barred by the Tennessee Workers' Compensation Law, Tenn.

---

[4] Although the plaintiff's memorandum and attached affidavits present other facts in support of the plaintiff's claim, it is not necessary to review those additional factual contentions because they are not relevant to the legal arguments advanced by defendant Redmond.

5

Code Ann. § 50-6-101 et seq. In particular, defendant Redmond relies on Tenn. Code Ann. § 50-6-108(a), which provides as follows:

> The rights and remedies herein granted to an employee subject to the Workers' Compensation Law on account of personal injury or death by accident, including a minor whether lawfully or unlawfully employed, shall exclude all other remedies of such employee, such employee's personal representative, dependents or next of kin, at common law or otherwise, on account of such injury or death.

The Workers' Compensation Law encompasses assaults by coworkers when there is "some casual [sic] relation between the employment and the injury." W.S. Dickey Mfg. Co. v. Moore, 208 Tenn. 576, 581, 347 S.W.2d 493, 495 (1961).[5] However, as plaintiff has pointed out, the Workers' Compensation Law does not bar intentional tort claims against fellow employees. Satterfield v. Long, No. 03A01-9805-CV-00162, 1999 WL 820270, at *7 (Tenn. Ct. App. Oct. 13, 1999); Blair v. Allied Maintenance Corp., 756 S.W.2d 267, 270-71 (Tenn. Ct. App. 1988); Taylor v. Linville, 656 S.W.2d 368, 370 (Tenn. 1983); Williams v. Smith, 222 Tenn. 284, 435 S.W.2d 808 (1968). The plaintiff's response makes clear that he has asserted claims against Redmond for assault, battery, and intentional infliction of emotional distress, all of which are intentional torts. Accordingly, this aspect of Redmond's summary judgment motion is DENIED.

---

[5] The other cases cited by defendant, Whaley v. Patent Button Co., 184 Tenn. 700, 702-03, 202 S.W.2d 649, 650 (1947), and Forbess v. Starnes, 169 Tenn. 594, 89 S.W.2d 886 (1936), do not support this proposition. Although the claimant in Whaley was shot by a former employee, the Tennessee Supreme Court noted that the assailant "is a complete stranger to the Petitioner and was not, at the time of the shooting, a fellow-employee." 184 Tenn. at 701, 202 S.W.2d at 650. The decision in Forbess is even less helpful to Redmond, as the employer was not found liable because "[n]o causal connection appears between the personal difficulty of these employees and the duties which the deceased was employed to perform for defendants." 89 S.W.2d at 886.

Next, defendant Redmond asserts that she cannot be held liable under Title VII because she is not an "employer." 42 U.S.C. §§ 2000e-2, 2000e(b); see Wathen v. General Elec. Co., 115 F.3d 400, 405 (6th Cir. 1997). Although the complaint, which was drafted by plaintiff's former counsel, is ambiguous, plaintiff's response makes clear that he is not asserting a Title VII claim against Redmond. Under these circumstances, there is no basis for granting summary judgment with respect to a claim that has not been asserted.

For all the foregoing reasons, the Court DENIES defendant Redmond's motion for summary judgment.

IT IS SO ORDERED this __29__ day of September, 2005.

JON PHIPPS McCALLA
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 77 in case 2:03-CV-02980 was distributed by fax, mail, or direct printing on October 3, 2005 to the parties listed.

---

James W.J. Farra
WALLER LANSDEN DORTCH & DAVIS
Nashville City Center
511 Union St.
Ste 2700
Nashville, TN 37219

C. Timothy Crocker
CROCKER LAW FIRM
1026 College St.
Ste. 202 Bancorp South Bldg.
Milan, TN 38358

Michael G. Floyd
FLOYD LAW FIRM
2129 Winchester Rd.
Memphis, TN 38116

Stanley E. Graham
WALLER LANSDEN DORTCH & DAVIS
511 Union St.
Ste. 2700
Nashville, TN 37219--896

Honorable Jon McCalla
US DISTRICT COURT