```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE WESTERN DISTRICT OF TENNESSEE
                   WESTERN DIVISION
```
_____

| | |
|---|---|
| **ROBERT E. BANKS,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | )  No. 03-2980 Ml/P |
| | ) |
| **UNITED PARCEL SERVICE, INC.,** | ) |
| **et al.,** | ) |
| | ) |
|     **Defendants.** | ) |
| | ) |

_____

**ORDER GRANTING PLAINTIFF'S MOTION TO REVIEW CLERK'S TAXATION OF COSTS AND ORDER AFFIRMING CLERK'S TAXATION OF COSTS**
_____

Before the Court is Plaintiff's Motion to Review Clerk's Taxation of Costs, filed December 20, 2005. Defendant United Parcel Service, Inc. filed a response in opposition on December 30, 2005. For the following reasons, the Court GRANTS Plaintiff's Motion to Review Clerk's Taxation of Costs and AFFIRMS the Clerk's Order Taxing Costs.

Federal Rule of Civil Procedure 54(d)(1) provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs[.]" Fed. R. Civ. P. 54(d)(1). The Rule further provides that "[s]uch costs may be taxed by the clerk on one day's notice. On motion served within 5 days thereafter, the action of the clerk may be reviewed by the court." Id. Having reviewed the parties' submissions on this matter, the Court concludes that review of

the clerk's taxation of costs is proper, and Plaintiff's Motion to Review Clerk's Taxation of Costs is GRANTED.

The Court entered an order of dismissal and judgment in this case on September 30, 2005.  On October 27, 2005, Defendant, as the prevailing party in the underlying action, filed a motion for bill of costs with the Clerk of Court, requesting an award of $1,552.40 in costs.  The Clerk entered an order taxing costs in the amount of $1,552.40 on December 15, 2005.  In the Order, the Clerk notes that Plaintiff did not file an objection to Defendant's bill of costs, nor did Plaintiff appear at the cost hearing, held November 1, 2005.[1]

As previously noted, Rule 54(d) of the Federal Rules of Civil Procedure provides that the prevailing party shall be allowed costs other than attorneys' fees "as of course . . . unless the court otherwise directs[.]" Fed. R. Civ. P. 54(d)(1). Twenty-eight U.S.C. § 1920 specifies what costs may be taxed.[2]

---

[1] Plaintiff's request for review of the Clerk's order is premised on his contention that he "was not notified that counsel for United Parcel Service requested to argue the merits regarding taxation of costs via the telephone."  The Court notes that the Clerk entered a notice of the bill of costs hearing on October 27, 2005.  Plaintiff was thus on notice of the hearing and had ample opportunity to submit objections and/or appear in person or via telephone at the hearing to raise any objections he may have had at that time.

[2] Section 1920 states:

> A judge or clerk of any court of the United States may tax as costs the following:
> (1) Fees of the clerk and marshal; (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses;

"The court has broad discretion in allowing or disallowing the particular items listed in § 1920 as costs."  BDT Products, Inc. v. Lexmark Int'l, Inc., 405 F.3d 415, 419 (6th Cir. 2005).

In its Bill of Costs, Defendant sought reimbursement totaling $1,552.40 for court reporter fees and transcripts ($1,422.80) and for copying costs ($129.60).  Court reporter fees and transcript and copying costs are both listed as permissible costs under 28 U.S.C. § 1920. See 28 U.S.C. § 1920 (listing "[f]ees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case . . . [and] [f]ees for . . . copies of papers necessarily obtained for use in the case").  Based on its review of the proceedings in this case, as well as the parties' submissions, the Court finds these costs to be reasonable and within the scope of 28 U.S.C. § 1920.  Accordingly, the Clerk's Order Taxing Costs is AFFIRMED.

---

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

So ORDERED this 13th day of January, 2006.


                                                            /s/ Jon P. McCalla  
                                                           JON P. McCALLA  
                                                           UNITED STATES DISTRICT JUDGE